■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

HERBERT WILLIAMS, Appellant. [615 NYS2d 23] —Judgment of the Supreme Court, New York County (Edith Miller, J.), rendered June 26, 1985, convicting defendant, after trial by jury, of burglary in the first degree and robbery in both the first and second degrees and sentencing him to three concurrent terms of imprisonment of from 4 to 12 years, is unanimously affirmed. Order of the same court and Justice, dated February 9, 1993, denying defendant's motion pursuant to CPL 440.10 (1) (h) for an order vacating the judgment of conviction on the ground of ineffective assistance of counsel, is unanimously affirmed.

Upon defendant's original appeal [183 AD2d 548], we found insufficient facts in the record to permit a review of defendant's claims that he was prevented from testifying on his own behalf at trial and that trial counsel failed to investigate and call alibi witnesses. Therefore, we held the appeal in abeyance and remanded for a post-judgment hearing and disposition pursuant to CPL 440.10.

Defendant does not continue to advance his original claim that he was prevented from testifying. The record clearly shows that his decision not to take the witness stand was freely made based on the advice of counsel. The record also demonstrates that defendant did not inform his attorney about the potential "alibi" witnesses until the actual date of trial. Further, as soon as the attorney learned of these prospective witnesses, he immediately sent an investigator to interview them and serve them with subpoenas. The witnesses did not respond to two separate attempts to subpoena them and refused to come forward. This refusal was made more apparent, as noted by the hearing court, by the fact that one of the witnesses was defendant's girlfriend and that, even during an extended period when defendant was at liberty, he was unable to persuade the witnesses to testify on his behalf. Counsel's decision not to seek an adjournment or material witness order to secure the attendance of the witnesses was made after defendant rejected these options.

In this case, "the evidence, the law, and the circumstances * * * viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation" *(People v Baldi,* 54 NY2d 137, 147).

We have examined defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Wallach, Kupferman and Asch, JJ.